

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2008

# Santoso v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Santoso v. Atty Gen USA" (2008). *2008 Decisions.* Paper 836.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/836

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3065
_____


HADI SANTOSO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent


_____


On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-204-443)
Immigration Judge: Honorable Donald Vincent Ferlise

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed: July 16, 2008)


_____

OPINION

_____

PER CURIAM

Hadi Santoso petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). We will deny his petition.

I.

Santoso is a Javanese Muslim, native and citizen of Indonesia. He entered the United States in January 2001 on a visa and remained beyond his authorized date without permission. He was then placed in removal proceedings in July 2003. In October 2004, Santoso applied for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. He evidently claimed that he suffered persecution, and feared persecution in the future, on account of an imputed political opinion arising out of his participation in a youth organization and the assistance he provided in rebuilding a Chinese family's house after the 1998 riots.

Following a hearing, the Immigration Judge ("IJ") denied Santoso's asylum claim as time-barred and further determined that Santoso failed to meet his burden of proof with respect to either withholding of removal or CAT relief. However, the IJ did grant his request for voluntary departure. On June 20, 2007, the BIA dismissed Santoso's appeal, expressly agreeing with the IJ's various findings. It therefore held that the asylum application was time-barred. The BIA further observed that Santoso was not entitled to withholding of removal because he failed to establish either past persecution or a well-

2

founded fear of future persecution on account of a protected ground. Finally, it affirmed the IJ's conclusion that Santoso failed to demonstrate a likelihood of torture if returned to Indonesia. Santoso was permitted to depart the country voluntarily within 60 days, but the BIA ordered him removed if he failed to do so. Santoso filed a timely petition for review.

## II.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252. Because the BIA agreed with the findings made by the IJ and then added its own brief discussion, we must review both the BIA's order as well as the IJ's decision. See, e.g., Jarbough v. Attorney General, 483 F.3d 184, 191 (3d Cir. 2007). We review their respective factual findings under the substantial evidence standard. See, e.g., id. To obtain withholding of removal, Santoso was required to show "'that it is more likely than not that [he] would be subject to persecution on one of the specified grounds [race, religion, nationality, membership in a particular social group, or political opinion].'" Id. at 190-91 (quoting INS v. Stevic, 467 U.S. 407, 429-30 (1984)). The BIA agreed with the IJ that he failed to make such a showing. After reviewing the parties' arguments as well as the administrative record, we conclude that this administrative determination is supported by substantial evidence in the record.[1]

---

[1]We note that the IJ rejected Santoso's asylum request as untimely after expressly concluding that he failed to satisfy the changed or extraordinary circumstances standard for a late application. See, e.g., 8 U.S.C. §§ 1158(a)(2)(B), (D). The BIA concurred,

Santoso evidently challenges the IJ's finding that he did not establish that the past incidents described in his testimony and affidavit were committed on account of a protected ground, including his imputed political opinion. Nevertheless, the BIA stated that "[w]e also agree with the Immigration Judge that, assuming arguendo, the respondent was harmed on account of a protected ground, the harm does not rise to the level of persecution." (AR000003 (citations omitted)). It is well established that "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Instead, the concept generally encompasses "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Id.

In August 1998, Santoso was physically assaulted by a group of Maduranese men demanding to know why he was helping Chinese Christians. Although certainly unfortunate, there is adequate evidentiary support to find that the attack as well as the less serious incidents mentioned by Santoso are insufficiently severe to constitute persecution.[2] See, e.g., Kibinda v. Attorney General, 477 F.3d 113, 119-20 (3d Cir.

adding that Santoso "does not challenge the [IJ's] findings on this point in any meaningful way." (AR000002.) This Court generally may not review an administrative determination that an asylum application was untimely. See, e.g., 8 U.S.C. § 1158(a)(3). Santoso also fails to challenge the denial of his CAT claim, and we accordingly conclude that he abandoned his claim. See, e.g., Chen v. Ashcroft, 376 F.3d 215, 221 (3d Cir. 2004). Accordingly, the only possible form of relief currently before the Court is withholding of removal.

[2] Such incidents evidently occurred during the criminal trial of the five men who attacked Santoso. He claimed that: (1) a Maduranese individual slapped his sister;

4

2007); Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005). In fact, the police actually arrested the five private citizens responsible for the attack, who were then tried, convicted with the help of Santoso's own testimony, and eventually sentenced to 18 months in jail. See, e.g., Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) ("[A]s with any claim of persecution, violence or other harm perpetrated by civilians . . . does not constitute persecution unless such acts are committed by the government or forces the government is either 'unable or unwilling' to control." (quotation omitted)). Given the circumstances, we must conclude that the rejection of his past persecution claim by the BIA (and the IJ) is supported by substantial evidence.

Santoso also continues to claim that he fears retribution by the five men who were incarcerated because of his testimony. He emphasizes that his siblings still residing in Indonesia have received phone calls inquiring about his whereabouts from individuals speaking in a Maduranese accent. However, as the BIA noted, his attackers apparently did not harm him after they were released from jail. In addition, there is no real reason to conclude that the government would not act to stop or at least punish any criminal acts of revenge against him, especially in light of its previous prosecution and incarceration of the five men. We therefore conclude that the BIA committed no reversible error in

---

(2) Maduranese gang members drove by his house on motorcycles shouting insults and throwing rocks; and (3) the gang members made threatening phone calls to the house several times a day.

rejecting his claim of a well-founded fear of future persecution.[3]

## III.

For the foregoing reasons, we hold that substantial evidence supports the denial of Santoso's request for withholding of removal. We will accordingly DENY his petition for review.

---

[3] Santoso also argues in passing that the IJ misapplied the governing law and failed to consider key parts of his testimony. A review of the record indicates that both the BIA and the IJ properly considered the evidence presented and made no apparent error of law.